IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRANDON EUGENE TRIPP,** § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 4:17-cv-00811-Y-BP |
| **NANCY A. BERRYHILL,** § | |
| **Acting Commissioner of the Social** § | |
| **Security Administration,** § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Brandon Eugene Tripp ("Tripp") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for disability insurance benefits under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

### I.  STATEMENT OF THE CASE

Tripp filed his application for disability benefits on October 1, 2014, alleging a disability onset date of August 20, 2013. Transcript ("Tr.") 40, 49, 63. The Commissioner initially denied him benefits on January 27, 2015, and denied him again upon reconsideration on April 13, 2015. Tr. 63. Tripp requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before ALJ David Skidmore on October 13, 2016. Tr. 12, 63. Tripp appeared before the ALJ in Chicago, Illinois. *Id.* Robert Williams, an attorney, represented Tripp at the hearing. *Id.*

Vocational Expert James Lanier testified at the hearing. *Id.* The ALJ issued his decision on November 25, 2016, finding that Tripp was not entitled to disability benefits. Tr. 16.

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Tripp had not engaged in substantial gainful activity since August 20, 2013, the alleged disability onset date. Tr. 65, Finding 2. At step two, the ALJ found that Tripp had the medically determinable impairments of bilateral shoulder degenerative joint disease, obesity, and asthma. Tr. 65, Finding 3. At step three, the ALJ found that Tripp's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404(P)(1). Tr. 65, Finding 4. The ALJ therefore determined that Tripp had the residual functional capacity ("RFC") to perform light work as defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for no crawling or climbing ladders, ropes, or scaffolds; no concentrated exposure to environmental irritants such as temperature extremes, wetness, humidity, fumes, odors, dusts, gases, or poorly ventilated areas; no overhead reaching bilaterally; occasional reaching on the right; and frequent reaching on the left. Tr. 66, Finding 5.

At step four, the ALJ found that Tripp was unable to perform his past relevant work. Tr. 69, Finding 6. The ALJ found at step five that there are jobs that exist in significant numbers in the national economy that Tripp could perform, in particular the jobs of router, routing clerk, and mail sorter. Tr. 69–70, Finding 10. The ALJ found that Tripp was not under a disability at any time from August 20, 2013, through the date of his decision on November 25, 2016. Tr. 70, Finding 11.

The Appeals Council denied Tripp's request for review on August 10, 2017. Tr. 1–6. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II. FACTUAL BACKGROUND

Tripp was born on March 24, 1976, and he was thirty-seven years old on his alleged disability onset date. Tr. 40, 49. The highest grade of schooling he completed was two years of college, and he has specialized training from the Coyne American Institute Electrical Maintenance and Construction Program. Tr. 176. Tripp has past work as a diesel mechanic and an orthopedic technician. *Id.*

## III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to obtain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20

C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts

in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.   ANALYSIS

Tripp raises two issues on appeal. First, he argues that the ALJ improperly rejected the opinion of his treating physician. Second, he argues that the ALJ improperly assessed Tripp's subjective complaints concerning his symptoms.

**A.   The ALJ improperly rejected the opinion of Tripp's treating physician.**

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*, 209 F.3d at 455 (citing *Leggett v. Chater*, 67 F.3d at 566); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" *Newton*, 209 F.3d at 455 (citing *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)). However, the ALJ has the sole responsibility for determining the claimant's disability status, and the ALJ may give less weight to a treating physician's opinion if the ALJ shows good cause for doing so. *Greenspan*, 38 F.3d at 237. "The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

The ALJ gave "little weight" to the opinions of Dr. Jose Perez-Sanz, whom the ALJ characterized as "a treating and examining medical source." Tr. 67. The ALJ noted that Dr. Perez-Sanz had restricted Tripp to sedentary work, including "two-pound occasional shoulder use, occasional overhead reaching, and no repetitive use." Tr. 67 (referring to Tr. 290, 304–06, 395–

5

96, 410–13). The ALJ stated that he gave the opinion little weight because it was "inconsistent with the evidence of record as a whole showing improved strength and range of motion with conservative treatment, including physical therapy and injections." *Id.* The ALJ also noted that Dr. Perez-Sanz's opinions were inconsistent with Tripp's activities of daily living, including showering, playing video games, driving, attending church, using a computer, and shopping in stores. *Id.*

The ALJ gave "some weight" to Dr. Gregory Mackarian, an examining physician who saw Tripp in October 2013. Tr. 68. Dr. Mackarian opined that Tripp had no restriction with respect to the left shoulder and a restriction on overhead activity with respect to the right shoulder. Tr. 406. The ALJ added greater restrictions to his RFC than Dr. Mackarian stated, based on Tripp's reports of worsening left shoulder pain. Tr. 68.

The ALJ gave much greater weight to the state agency medical consultants (SAMCs), who were neither examining nor treating physicians. The ALJ summarized the findings of Dr. Towfig Arjmand thus: "the claimant can perform light exertion with occasional pushing/pulling with the bilateral upper extremities, and avoiding concentrated exposure to respiratory irritants." *Id*. Dr. Bernard Stevens reviewed later records, and agreed with Dr. Arjmand's opinion with a few exceptions. *Id.* The ALJ noted that he gave "great weight to Dr. Stevens' opinion as that of a non-examining expert source." *Id.* The ALJ found that Dr. Stevens's opinion merited this weight because he reviewed later medical evidence than Dr. Arjmand and because his opinion was consistent with the conservative treatment of record for Tripp's shoulder impairments, including improvements with injections and physical therapy. *Id.*

> i. **The ALJ improperly rejected the opinion of a treating physician in the absence of controverting medical opinions.**

"[M]edical notes that do not give an opinion on [a claimant's] physical limitations in the workplace or what activities [the claimant] would be able to perform do not controvert the opinion of [a claimant's] treating physician." *Anderson v. Colvin*, 3:15-CV-781-BN, 2016 WL 299019, at *6 (N.D. Tex. Jan. 25, 2016) (citing *Jackson v. Astrue*, No. 4:10-cv-150-Y, 2011 WL 816850, at *9 (N.D. Tex. Feb. 15, 2011)). "Rejecting medical opinions when there is no contrary opinion from a treating or examining source requires usurping the physicians' role." *Mills v. Berryhill*, No. 4:16-CV-0331-Y-BL, 2017 WL 3972009, at *16 (N.D. Tex. Aug. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-331-Y, 2017 WL 3891391 (N.D. Tex. Sept. 6, 2017) (citing *Newton*, 209 F.3d at 453–58).

The ALJ did not reject Dr. Perez-Sanz's opinion for another, competing medical opinion. Instead he rejected the treating physician's opinion based on medical notes that did not state the effect of the claimed impairment on the claimant's work-related functions. Tr. 68. He also rejected it based on the claimant's activities of daily life, which are also not a competing medical opinion stating the claimant's work-related functions. *Id.* In addition, the ALJ only noted those activities of daily life that supported his position—such as Tripp's statement that he plays video games—while ignoring those that did not—such as Tripp's statement, immediately after the prior statement, that he cannot play video games for extended periods of time without shoulder and arm problems. Tr. 67, 188, 197; *see also Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 910 (N.D. Tex. 2008) (stating that the ALJ cannot select only certain information from exhibits that supports his position). As Tripp correctly argues, this is error.

The Commissioner responds that the ALJ correctly weighed all medical evidence of record in coming to his RFC assessment, and quotes *Taylor v. Astrue*: "What Taylor characterizes as the

ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work." 706 F.3d 600, 603 (5th Cir. 2012); ECF No. 15 at 10. However, *Taylor* contains no direct, on-point analysis of the issue Tripp brought before this Court on appeal: whether the ALJ can reject the opinion of a treating physician for the reasons that the ALJ gave. *See id.* The court in *Taylor* did not indicate whether the evidence used by the ALJ in that case came from a treating physician or other categories of physician, or whether it was medical opinion evidence or other types of evidence. *See id.*

The Commissioner also repeatedly and dismissively refers to Dr. Perez-Sanz's opinions as "check-box forms." ECF No. 15 at 5–6, 11–14. The Commissioner argues that the ALJ correctly rejected these opinions because such forms are "entitled to 'little weight' because check-the-box questionnaires typify the 'brief and conclusory' statements that an ALJ may disregard under the good cause exceptions to the treating physician rule." *Id.* at 13 (citing *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011)). However, the ALJ nowhere stated that this was one of his reasons for giving little weight to Dr. Perez-Sanz's opinions. *See* Tr. 67. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455. The Commissioner's arguments do not succeed in controverting Tripp's, and Trip has shown that the ALJ committed error.

### ii.   The ALJ erred by not considering the factors set out in 20 C.F.R. § 404.1527(c).

Unless the Social Security Administration gives a treating source controlling weight, the ALJ must consider the following factors: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the supportability of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole, and (6) the specialization of

the treating physician. 20 C.F.R. § 404.1527(c). "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[c]." *Newton*, 209 F.3d at 453; *see also Lee v. Colvin*, No. 5:15-CV-010-BG ECF, 2015 WL 7243793, at *3 (N.D. Tex. Oct. 23, 2015), *report and recommendation adopted*, No. 5:15-CV-010-C, 2015 WL 7196389 (N.D. Tex. Nov. 16, 2015) (remanding where the ALJ did not assign any weight to the opinions of a treating physician or perform an analysis under 20 C.F.R. § 404.1527(c)). "Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)." *Newton*, 209 F.3d at 453. *Newton*'s holding is limited and does not apply in cases where the ALJ rejects the medical opinion of a treating physician based on the medical opinion of other physicians who treated and examined the claimant. *Qualls v. Astrue*, 339 Fed. App'x 461, 467 (5th Cir. 2009). "[E]ven if an ALJ procedurally errs by not more fully considering and weighing the opinions of a treating physician, reversal and remand is only required when the error affects the substantial rights of the claimant." *Perry v. Colvin*, No. 13-CV-2252-P, 2015 WL 5458925, at *10 (N.D. Tex. Sept. 17, 2015).

The ALJ did not reject Dr. Perez-Sanz's opinion based on the medical opinion of another treating or examining physician. Tr. 67. The ALJ clearly states his reasons for rejecting the opinion: that it was inconsistent with the evidence from the medical notes showing conservative treatment and improvement, and that it was inconsistent with the daily living activities that Tripp gave. *Id.* At most, this analysis relates to the fourth and fifth factors only. The other factors could

9

have weighed in favor of Tripp, because Dr. Perez-Sanz was a specialist in this area of medicine who had seen Tripp frequently over a longitudinal period. ECF No. 14 at 16–17. Tripp can show prejudice, as required, because there is a realistic possibility that the ALJ would have assigned greater or controlling weight to Dr. Perez-Sanz's opinion had he conducted the detailed analysis required by 20 C.F.R. § 404.1527(c). *Perry*, No. 13-CV-2252-P, 2015 WL 5458925, at *10. Therefore the ALJ committed error, and reversal is warranted on this ground.

**B.     The ALJ did not commit error in assessing Tripp's credibility.**

If the ALJ finds that the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms, such as pain, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms so that the ALJ can determine how the claimant's symptoms limit the claimant's capacity for work. 20 C.F.R. § 404.1529. "The ALJ need not 'articulate specifically the evidence that supported his decision and discuss the evidence that was rejected[,]' but is required 'to explain his reasons for rejecting a claimant's complaints of pain.'" *Flowers v. Berryhill*, No. 7:16-CV-00135-O-BP, 2017 WL 2257596, at *6 (N.D. Tex. Apr. 18, 2017), *report and recommendation adopted*, No. 7:16-CV-00135-O, 2017 WL 2225411 (N.D. Tex. May 22, 2017) (quoting *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)).

> The ALJ may consider various factors relevant to a claimant's credibility, including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication that the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, that the claimant receives or has received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

*Andrews v. Astrue*, 917 F. Supp. 2d 624, 645 (N.D. Tex. 2013) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). An ALJ's assessment of a claimant's credibility is accorded great deference, but substantial evidence must still support the ALJ's decision. *Newton*, 209 F.3d at 459.

The ALJ stated the relevant factors under 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Tr. 68. He found that Tripp had not "received the type of treatment one would expect for a person suffering from the degree of pain and limitation contended, as the record reflects generally routine and conservative treatment." *Id.* The ALJ noted that Tripp's asthma was "somewhat under control" as a result of medication, that there was no evidence of left shoulder surgery despite Tripp's claim that he needed it, and that Tripp has been treated with physical therapy and pain medication. *Id.* The ALJ noted that Tripp's presentation at the hearing and his activities of daily living both supported a finding that Tripp was not as impaired as he claimed to be. Tr. 69.

Tripp argues that there are a number of contrary indications in the record that the ALJ did not mention and that support a greater finding of impairment. ECF No. 14 at 19–22. However, this Court's task is not to re-weigh the evidence, but only to scrutinize the record to determine if substantial evidence is present. *Hollis*, 837 F.2d at 1383; *Harris*, 209 F.3d at 417. A finding that a claimant's subjective complaints are exaggerated and not credible are precisely the kinds of determinations that the ALJ is best positioned to make. *Falco*, 27 F.3d at 164. Reversal is not warranted on this ground.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been

served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **July 6, 2018,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed June 22, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE